UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOROTHY WENTZ and
JESSICA PORTER,

      Plaintiffs,

v.                             CASE NO.:

MALIMPENSA, LLC d/b/a Little Dixie II,
Little Dixie III, and Harvey's, a Florida
Limited Liability Company, and VIVIANE
RICCI MALIMPENSA, Individually,

      Defendants.                       /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, DOROTHY WENTZ and JESSICA PORTER, by and through the undersigned attorney, sues the Defendants, MALIMPENSA, LLC, a Florida Limited Liability Company, and VIVIANE RICCI MALIMPENSA, Individually, and allege:

1.      Plaintiffs were employees of Defendants and bring this action for unpaid minimum wages and proper overtime compensation, liquidated damages, and all other applicable relief pursuant to Fla. Const. Art. X § 24, and the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## General Allegations

2.      Plaintiffs were employees who worked for Defendants within the last three years in Polk County, Florida.

3.      Defendant, MALIMPENSA, LLC, owns and operates three gas stations / convenience stores in Frostproof, Florida: "Little Dixie II," "Little Dixie III," and

"Harvey's."

4.    Plaintiff, DOROTHY WENTZ, worked for Defendants from around August 2017 to January 2018 as a cashier/clerk.

5.    Plaintiff, DOROTHY WENTZ, worked for Defendants in their "Little Dixie II" and "Harvey's" locations.

6.    Defendants' "Little Dixie II" store is located at 22 Hwy 830 W, Frostproof, Florida 33843.

7.    Defendants' "Harvey's" store is located at 203 S Scenic Hwy, Frostproof, Florida 33843.

8.    In 2017, Plaintiff, DOROTHY WENTZ, was paid at an hourly rate of $8.10 per hour Monday through Saturday and $8.30 per hour on Sunday.

9.    In 2018, Plaintiff, DOROTHY WENTZ, was paid at an hourly rate of $8.30 per hour.

10.    Plaintiff, JESSICA PORTER, worked for Defendants from around August 2017 to October 2018 as a cashier/clerk.

11.    Plaintiff, JESSICA PORTER, worked for Defendants in their "Little Dixie III" location.

12.    Defendants' "Little Dixie III" store is located at 917 S Scenic Hwy, Frostproof, Florida 33843.

13.    In 2017, Plaintiff, JESSICA PORTER, was paid at an hourly rate of $8.10 per hour Monday through Saturday and $8.30 per hour on Sunday.

14.    In 2018, Plaintiff, JESSICA PORTER, was paid at an hourly rate of

$8.30 per hour.

15.    At all times material to this cause of action, Defendant, MALIMPENSA, LLC, was an enterprise subject to the Florida Constitution's provision on minimum wages and the FLSA.

16.    At all times material to this cause of action, Plaintiffs were non-exempt employees and therefore entitled to overtime wages for any and all overtime hours worked.

17.    Defendant, MALIMPENSA, LLC, is a Florida Limited Liability Company that operates and conducts business in Polk County, Florida and is therefore, within the jurisdiction of this Court.

18.    At all times relevant to this action, VIVIANE RICCI MALIMPENSA was an individual resident of the State of Florida, who owned and operated MALIMPENSA, LLC, and who regularly exercised the authority to: (a) hire and fire employees of MALIMPENSA, LLC; (b) determine the work schedules for the employees of MALIMPENSA, LLC, and (c) control the finances and operations of MALIMPENSA, LLC.  By virtue of having regularly exercised that authority on behalf of MALIMPENSA, LLC,  VIVIANE RICCI MALIMPENSA is/was an employer as defined by 29 U.S.C. § 201, et seq.

19.    This action is brought under the FLSA to recover from Defendants minimum wage and overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

20.    This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C.

3

§1331 and the FLSA.

21.     During Plaintiffs' employment with Defendants, Defendant, MALIMPENSA, LLC, earned more than $500,000.00 per year in gross sales.

22.     Defendant, MALIMPENSA, LLC, employed approximately forty-five (45) employees and paid these employees plus earned a profit from their business.

23.     During Plaintiffs' employment, Defendant, MALIMPENSA, LLC, employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to computers, cash registers, cleaning supplies, and other tools/materials used to run the business.

24.     Therefore, at all material times relevant to this action, Defendant, MALIMPENSA, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

<u>Minimum Wage and Overtime Violations</u>

25.     At all times relevant to this action, Defendants failed to comply with Fla. Const. Art. X § 24 and the FLSA because Plaintiffs performed services for Defendants for which they were not paid full minimum wages and no provisions were made by Defendants to properly pay Plaintiffs for all overtime hours worked.

26.     During their employment with Defendants, Plaintiffs worked overtime hours and were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks. *See* pay records for Dorothy Wentz attached as **Exhibit "A."**

27.     In addition, Plaintiffs worked "off-the-clock" several hours per week with no compensation afforded.

28.     Plaintiffs are entitled to their regular rate of pay for all hours worked plus the half-time premium for all hours worked in excess of forty (40) per week.

29.     Based upon the above policies, Defendants have violated Fla. Const. Art. X § 24 by failing to pay the full minimum wage for each hour worked.

30.     Based upon the above policies, Defendants have violated the FLSA by failing to pay the full minimum wage plus complete overtime pay for each hour worked over forty (40) per week.

31.     Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

32.     Plaintiffs have hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

33.     All conditions precedent to this action have been performed or waived.

## COUNT I - RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)

34. Paragraphs one (1) through thirty-three (33) are fully re-alleged and incorporated herein.

35.     Plaintiffs are/were entitled to be paid the minimum wage for each hour worked per week.

36.     Florida's minimum wage in 2017 was $8.10 per hour. Florida's minimum wage in 2018 was $8.25 per hour.

37.     During their employment with Defendants, Plaintiffs were not always paid the minimum wage for each hour of work performed in violation of Fla. Const. Art. X § 24.

38.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs minimum wages for each hour worked in one or more work weeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

39.     Defendants did not have a good faith basis for its failure to pay Plaintiffs minimum wages for each hour worked.

40.     As a result of Defendants' willful violation of the law, Plaintiffs are entitled to liquidated damages in an amount equal to the unpaid wages.

41.     Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, DOROTHY WENTZ and JESSICA PORTER, demand judgment against Defendants for the payment of all unpaid minimum wages for which Defendants did not properly compensate, damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FLSA)

42.     Paragraphs one (1) through thirty-three (33) are fully re-alleged and incorporated herein.

43.     Plaintiffs are/were entitled to be paid the minimum wage for each hour worked per week.

44.     During their employment with Defendants, Plaintiffs were not paid the minimum wage for each week of work performed in violation of the FLSA.

45.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs minimum wages for each hour worked in one or more work weeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

46.     Defendants did not have a good faith basis for its failure to pay Plaintiffs minimum wages for each hour worked.

47.     As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

48.     Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, DOROTHY WENTZ and JESSICA PORTER, demand judgment against Defendants for the payment of all unpaid minimum wages for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## <u>COUNT III - RECOVERY OF OVERTIME COMPENSATION (FLSA)</u>

49.     Paragraphs one (1) through thirty-three (33) are fully re-alleged and incorporated herein.

50.     Plaintiffs are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

51.     During their employment with Defendants, Plaintiffs were not paid

time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

52. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

53. Defendants did not have a good faith basis for its failure to pay Plaintiffs overtime compensation for each hour worked in excess of forty (40) per work week.

54. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

55. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, DOROTHY WENTZ and JESSICA PORTER, demand judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 30th day of January, 2019.

**/s/ JOLIE N. PAVLOS**
Jolie N. Pavlos, Esq.
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600

Orlando, FL 32801
Telephone: (407) 245-3517
Facsimile: (407) 204-2206
Email: JPavlos@forthepeople.com
*Attorney for Plaintiff*